UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ARIELA P. RIVERA,

    Plaintiff,

vs.

ROSS STORES INC. d/b/a ROSS DRESS FOR LESS, INC.

    Defendant.

_____/

## COMPLAINT

The Plaintiff, Ariela P. Rivera (hereinafter "Rivera"), by and through the undersigned counsel, hereby sues Defendant, Ross Stores Inc. d/b/a Ross Dress For Less, Inc., (hereinafter "Ross"), and in support avers as follows:

## INTRODUCTION

1. This is an action by a former employee of Defendant Ross Stores Inc. d/b/a Ross Dress For Less, Inc. by the Plaintiff, Ariela Rivera, who alleges that she was unlawfully terminated from her employment with Defendant on or about September 2019. By the filing of this action, Plaintiff seeks relief pursuant to 42 U.S.C. §1981 for declaratory and injunctive relief and damages under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress injury done to her by the Defendant's discriminatory treatment on the basis of race, color, ethnicity and ancestry.

2. Plaintiff is genetically part of an ethnically and physiognomically distinctive grouping of homo sapiens not Caucasian (White) and as a result Plaintiff was

1

discriminated by Defendant on the basis of her race, color, ethnicity and ancestry.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's 42 U.S.C. §1981 claims pursuant to 28 U.S.C. §1331, §1343, and §1367.  This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866).

4. The venue of this action is properly placed in the Palm Beach Division of the Southern District of Florida, because the claim arose in Palm Beach County, Florida, pursuant to 28 U.S.C. §1391(b), because the events/employment practices hereafter alleged to be unlawful were committed in South Florida, within the jurisdiction of this Honorable Court.

## PARTIES

5. At all times relevant, Plaintiff was employed by Ross and the parties had a contractual relationship with each other.  Plaintiff's national origin is Peruvian, and she is protected from intentional discrimination on the basis of her Hispanic ancestry, color, race and ethnicity, pursuant to 42 U.S.C. §1981.

6. Plaintiff, is a resident of Boca Raton, Florida and continues to reside in Boca Raton, and resided in said County during the time of her employment with the Defendant, within the jurisdiction of this Honorable Court.

7. Plaintiff is a Black Hispanic female individual of Peruvian national origin and is a member of a class of persons protected from discrimination in her employment under 42 U.S.C. §1981.

8. Defendant is a Foreign corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

## **GENERAL FACTUAL ALLEGATIONS**

9. Plaintiff was employed by Defendant as a Stocker.

10. Plaintiff began her employment with Defendant on or about July 2019.

11. Plaintiff was hired by Defendant's White store Manager Tom (last name unknown).

12. Plaintiff's supervisor was Juana (last name unknown).

13. Plaintiff was paid hourly rate of eleven Dollars ($11).

14. Plaintiff was treated differently in work assignments, duties and responsibilities due to her race, color, ethnicity and ancestry.

15. Similarly situated White stockers were treated better than Plaintiff was and were given more hours to work; thereby, earning more money than Plaintiff.

16. Plaintiff was assigned all the hard and menial tasks such as lifting boxes and pushing heavy carts while her White co-workers were assigned easier non-physical tasks.

17. While employed by Defendant, Plaintiff's job performance was above average. Plaintiff was not subjected to disciplinary action and she performed all of the duties of her position in a satisfactory manner.

18. There are no legitimate non-discriminatory reasons for Plaintiff's termination by Defendant.

## COUNT I. RACE, COLOR, ETHNICITY AND ANCESTRY DISCRIMINATION UNDER 42 U.S.C. §1981

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-9 of this complaint as if set out in full herein.

20. Through its above-described acts and conduct toward Plaintiff, Defendant has violated Plaintiff's rights under 42 U.S.C. § 1981.

21. Defendant engaged in discriminatory acts and conduct against Plaintiff with malice and/or with reckless indifference to Plaintiff's rights under 42 U.S.C. § 1981.

22. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

23. At all times material hereto, Plaintiff, was an "employee" within the meaning of 42 U.S.C. §1981

24. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

25. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

26. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

27. During the course of her employment with the Defendant, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents.

28. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon her race. Defendant also confected a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

29. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

31. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

32. The actions and language of the Defendant, were so severe and pervasive as to alter the terms, conditions and/or privileges of her employment with the Defendant, and thereby creating a hostile work environment.

33. The actions of the Defendant were based upon the Plaintiff being a black individual. The Defendant subjected the Plaintiff to race based animosity.

34. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

35. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff. The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black individuals.

36. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

37. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

38. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

39. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected when the work place became hostile.

40. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

41. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

42. Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant's discriminatory acts and conduct.

43. Plaintiff will suffer future pecuniary losses as a direct result of Defendant's discriminatory acts and conduct.

44. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendant unless Defendant are enjoined by this Court.

WHEREFORE, Plaintiff, Ariela Rivera, prays that this Honorable Court:

   A. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

   B. Enjoin Defendant from engaging in such conduct;

   C. Award the equitable remedy of back pay and front pay, in lieu of reinstatement;

   D. Award compensatory and punitive damages to Plaintiff'

   E. Award Plaintiff costs and reasonable attorney's fees; and

   F. Grant such other and further relief as may be deemed just and proper in the premises.

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

**COUNT III. RETALIATION IN VIOLATION OF 42 U.S.C. §1981**

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

46. Plaintiff and Defendant had a contractual relationship.

47. Defendant precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

48. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on race and national origin as more particularly described above.

49. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of the contractual relationship.

50. Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

Dated this 16th day of October, 2020.

      Respectfully submitted,

      **REMER & GEORGES-PIERRE, PLLC.**
      COURTHOUSE TOWER
      44 West Flagler Street, Suite 2200
      Miami, FL 33130
      Tel.  (305) 416-5000
      Fax: (305) 416-5005

      By: *Anthony M. Georges-Pierre*
      Anthony M. Georges-Pierre, Esq.
      Florida Bar No.:  0533637

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ARIELA P. RIVERA,

    Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.
d/b/a ROSS STORES INC.,

    Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO:**    C T CORPORATION SYSTEM
Registered Agent for ROSS DRESS FOR LESS, INC.
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY**

**Anthony M. Georges-Pierre, Esq.**
**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____
CLERK                                                  DATE

_____
(BY) DEPUTY CLERK